```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                      EASTERN DIVISION
                      NO. 4:10-CV-117-H
```

| | | |
|---|---|---|
| LIBERTY ASSOCIATES, L.C., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JACOBS CAPITAL, LLC, et al., | ) | |
| | ) | |
| Appellees. | ) | |

```
       ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                       GREENVILLE DIVISION
```

This matter is before the court on appeal from an order of the United States Bankruptcy Court for the Eastern District of North Carolina awarding Jacobs Capital, LLC, fees in the amount of $370,000 pursuant to 11 U.S.C. § 330. The parties have thoroughly briefed the issues on appeal, and the matter is now ripe for adjudication.

**BACKGROUND**

Prior to filing for relief under Chapter 11, Fountain Powerboats, Inc., and its wholly owned subsidiaries ("Fountain" or "the company") entered into an Engagement Agreement with Jacobs Capital, LLC ("Jacobs Capital"). Jacobs Capital agreed

to act as the exclusive financial advisor to Fountain and to provide valuation services, consulting services and transaction advisory services "in connection with the company's efforts to raise additional capital and/or sell all or substantially all" of the company's assets.

On August 24, 2009, Fountain filed a Chapter 11 petition and moved for an order authorizing the immediate auction and sale of substantially all of its assets pursuant to 11 U.S.C. § 363(f). Fountain also moved to employ Jacobs Capital pursuant to the terms set forth in the Engagement Agreement. At the time of filing the bankruptcy petition, all of Fountain's assets were encumbered by a blanket lien in favor of Regions Bank, N.A., which was subsequently assigned to FB Investments, LLC.

The bankruptcy court determined that the value of Fountain's assets would be best realized by public auction and approved Fountain's proposed sale procedures. (Order Approving Sale [DE #2-5].) On October 15, 2009, the bankruptcy court granted Fountain's motion to employ Jacobs Capital as its investment banker for purposes of the bankruptcy proceedings. (Order Granting Mot. Employ Investment Banker [DE #2-11].)

Prior to the scheduled auction, Fountain moved to postpone the sale, indicating that it had received an alternative proposal from Liberty Associates, L.C. ("Liberty"), in which

Liberty had offered to assist Fountain by providing post-petition financing and funding a proposed plan of reorganization. The bankruptcy court denied Fountain's motion to postpone the sale (Order Denying Mot. Postpone Sale [DE #2-8]), and FB Investments, LLC, the lienholder, submitted the only bid. On October 23, 2009, the bankruptcy court disallowed the § 363 sale and permitted Fountain to pursue reorganization with Liberty's assistance. (Order Denying Sale [DE #2-12])

Fountain and Liberty then filed a Disclosure Statement and Joint Plan of Reorganization dated November 20, 2009. The joint plan provided that all administrative claims would be paid in full on the effective date with funds to be provided by Liberty, and the disclosure statement estimated an administrative claim of $450,000 for "Debtors' investment banker, Jacobs Capital." (Disclosure Stmt. [DE #2-43].)

On January 20, 2010, Jacobs Capital filed an interim application for compensation, to which Liberty objected. Following a hearing, the bankruptcy court deemed the application a final fee application and approved compensation to Jacobs Capital in the amount of $370,000 pursuant to 11 U.S.C. § 330.

Liberty appeals the bankruptcy court's order, arguing (1) that the compensation sought by Jacobs Capital was not supported by the Engagement Agreement; (2) the bankruptcy court

erred by unilaterally modifying the fee application and awarding Jacobs Capital fees on a basis other than that sought in its fee application; and (3) the fees awarded to Jacobs Capital are not reasonable because there is no nexus between the tasks performed by Jacobs Capital and the outcome of the bankruptcy proceedings.

## COURT'S DISCUSSION

In reviewing the decision of a bankruptcy court, a district court acts as an appellate court and evaluates the decision under the standards set forth in Rule 8013 of the Federal Rules of Bankruptcy Procedure. Questions of law are reviewed de novo, whereas findings of fact may be set aside only if clearly erroneous. See Fed. R. Bankr. P. 8013; Terry v. Meredith (In re Meredith), 527 F.3d 372, 375 (4th Cir. 2008).

The court has carefully reviewed the parties' arguments and the bankruptcy court's order in light of the evidence presented and finds no reversible error. Jacobs Capital is entitled to reasonable compensation, pursuant to Bankruptcy Code § 330(a), for the post-petition services rendered by it in this matter. Having considered the factors applicable to § 330(a) fee awards and for the reasons set forth in the bankruptcy court's order, the court finds that $370,000 is a reasonable amount to compensate Jacobs Capital for its various services. The fact that the bankruptcy court calculated the fee award using a

different formula than that propounded by Jacobs Capital is of no consequence. Accordingly, the court AFFIRMS the bankruptcy court's order entered May 7, 2010. The clerk is directed to close this case.

This 12th day of April 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31