**SO ORDERED.**

**SIGNED this 22 day of July, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| IN RE: | CASE NOS. |
| | ADMINISTRATIVELY CONSOLIDATED UNDER CASE NO. |
| **FOUNTAIN POWERBOAT INDUSTRIES, INC.** | **09-07132-8-RDD** |
| **FOUNTAIN POWERBOATS, INC.** | **09-07133-8-RDD** |
| **FOUNTAIN DEALERS' FACTORY SUPERSTORE, INC.** | **09-07134-8-RDD** |
| **BAJA BY FOUNTAIN, INC.** | **09-07135-8-RDD** |
| DEBTORS | |

**ORDER DENYING MOTION TO ENFORCE ORDER CONDITIONALLY
GRANTING ORAL MOTION TO STAY ORDER PENDING
APPEAL PURSUANT TO BANKRUPTCY RULE 8005 AND GRANTING
TEMPORARY STAY ON A CLAIM AGAINST PRESENT BOND**

Pending before the Court is the Motion to (I) Enforce Order Conditionally Granting Oral Motion to Stay Order Pending Appeal Pursuant to Bankruptcy Rule 8005 and (ii) Prohibit Claim Against Bond During Pendency of Appeal filed by Liberty Associates, L.C. ("Liberty") on May 26, 2011 (the "Motion") and the Objection to the Motion to (I) Enforce Order Conditionally Granting Oral Motion to Stay Order Pending Appeal Pursuant to Bankruptcy Rule 8005 and (ii) Prohibit

Claim Against Bond During Pendency of Appeal filed by Michael Jacobs and Jacobs Capital, LLC (collectively referred to herein as, "Jacobs Capital") on June 15, 2011 (the "Objection"). The Court conducted a hearing on June 28, 2011 in Greenville, North Carolina to consider the Motion and the Objection.[1]

## CASE HISTORY

Fountain Powerboat Industries, Inc., Fountain Power Boats, Inc., Fountain Dealers' Factory Superstore, Inc. and Baja by Fountain, Inc. (collectively, the "Debtors") filed petitions for relief under Chapter 11 on August 24, 2009.

One of the first day motions filed by the Debtors was a Motion To Employ Jacobs Capital as the Debtors' Investment Banker Pursuant to Section 327 of the Bankruptcy Code (the "Motion to Employ").

On October 15, 2009, the Court entered an order allowing the employment of Jacobs Capital as the Debtors' Investment Banker (the "Order to Employ").

On November 24, 2009, the Debtors and Liberty jointly, as co-proponents, filed with the Court and submitted to creditors and other parties in interest a disclosure statement (the "Disclosure Statement") and a proposed plan of reorganization. The Disclosure Statement, in the section entitled "Classification and Treatment of Claims and Interests" under the Administrative Claims portion, stated: "Debtors' investment banker, Jacobs Capital: approximately $450,000 based upon 5% of a transaction value of $9,000,000 ($8,000,000 to FB Investments and $1,000,000 for allocation among all Unsecured Claims)." See *Disclosure Statement,* docket entry 180, p. 10.

---

[1] Although the Bankruptcy Administrator did not file a response to the Motion, C. Scott Kirk appeared on behalf of the Bankruptcy Administrator at the hearing on June 28, 2011.

On January 20, 2010, Jacobs filed an Interim Application for Compensation of Michael T. Jacobs and Jacobs Capital, LLC as Investment Banker (the "Application"). Pursuant to the Application, Jacobs requested compensation in the amount of $375,000.00 based upon a proposed $7,500,000 transaction between the Debtors and Liberty. On February 10, 2010, Liberty filed its Objection to the Interim Application for Compensation of Michael T. Jacobs and Jacobs Capital, LLC as Investment Banker ("Objection to Application").

On January 29, 2010, the Debtors and Liberty filed their First Amended Joint Plan of Reorganization (the "Amended Plan"). Since Jacobs was not listed as a creditor in Debtor's petition, Jacobs was not served with a ballot in connection with the Amended Plan. On February 11, 2010, the Court entered an Order Confirming First Amended Joint Plan of Reorganization (the "Order Confirming Plan").

On April 28, 2010, the Court conducted a hearing on the Application and the Objection to Application in Wilson, North Carolina. At the conclusion of that hearing, the Court allowed compensation to Jacobs in the amount of $370,000.00 and classified this claim as an allowed administrative claim to be paid pursuant to the terms of the confirmed Amended Plan. Furthermore, the Court determined that the Application and fees awarded thereunder would be final and that the Court would not consider any additional fee applications by Jacobs in connection with the transaction.

On May 7, 2010, the Court entered its Order Allowing Application for Compensation of Michael T. Jacobs and Jacobs Capital, LLC as Investment Banker which was consistent with the terms of its oral ruling made from the bench at the hearing on April 28, 2010 (the "Fee Order").

On May 21, 2010, Liberty filed its appeal of the Fee Order to the United States District Court for the Eastern District of North Carolina.

Liberty did not file a motion to stay enforcement of the Fee Order.

On September 23, 2010, Jacobs filed a Motion to Enforce Order Allowing Application for Compensation of Michael T. Jacobs and Jacobs Capital, LLC as Investment Banker or, in the alternative, to Require Payment into Court or Posting of Supersedeas Bond on Appeal ("Payment Motion").  Pursuant to the Payment Motion, Jacobs requested that Liberty be required to comply with the terms of the Fee Order, to provide a letter of credit, or to "post a supersedeas bond in the full amount of the fee award, plus interest at the judgment rate, for the anticipated time of Liberty's appeal." See *Payment Motion*, docket entry 384, p. 5.

On October 12, 2010, Liberty filed its Response to Motion to Enforce Order Allowing Application for Compensation of Michael T. Jacobs and Jacobs Capital, LLC as Investment Banker or, in the alternative, to Require Payment into Court or Posting of Supersedeas Bond on Appeal (the "Payment Motion Response").

On October 18, 2010, the Court conducted a hearing on the Payment Motion and the Payment Motion Response in Wilson, North Carolina. During the hearing, John Northen, counsel for the Debtors, made an oral motion pursuant to Bankruptcy Rule 8005 requesting that the Debtors be permitted to post a bond or cash deposit in the amount of $370,000 with the bankruptcy court pending the appeal of the Fee Order (the "Oral Stay Motion").[2]

---

[2] There are two primary distinctions between the relief requested by the Oral Stay Motion and the alternative relief requested in Payment Motion. These distinctions include: (1) the amount of the supersedeas bond or the cash deposit required and (2) whether Liberty, as appellant who filed the appeal of the Fee Order, or the Debtors would be required to make the requisite cash deposit or post such bond.

At the conclusion of the hearing, this Court conditionally granted the Oral Stay Motion. Consistent with that ruling, the Court granted in part and denied in part the Motion to Enforce Order Allowing Application for Compensation of Michael T. Jacobs and Jacobs Capital, LLC, as Investment Banker, or, in the alternative, to Require Payment into Court of Posting of Supersedeas Bond on Appeal.

Subsequently, on October 26, 2010, the Court entered an order consistent with its finding from the October 18, 2010 hearing and granting the stay pending the appeal. More specifically, the order provided that:

> Based on the arguments of counsel, the pleadings filed in these cases, and the appeal of this Court's Order Allowing Application for Compensation of Michael T. Jacobs and Jacobs Capital, LLC, as Investment Banker, filed by Liberty pending before the United States District Court in the Eastern District of North Carolina, docketed as case number 4:10-cv-00117-H, the Stay Motion is **GRANTED** on the condition that Fountain Powerboat Industries, Inc., Fountain Power Boats, Inc., Fountain Dealers' Factory Superstore, Inc., Baja by Fountain, Inc., and Liberty Associates, LC post a supersedeas bond with the Clerk of Court for the United States Bankruptcy Court for the Eastern District of North Carolina in the amount of Three Hundred Seventy Thousand Dollars ($370,000.00) or, place on deposit, certified funds in the amount of Three Hundred Seventy Thousand Dollars ($370,000.00) on or before **5:00 p.m.** on **Friday, October 29, 2010**.

(the "Stay Order").

Liberty timely submitted a bond to the Court. The initial bond submitted to the Court failed to properly caption this proceeding, failed to properly name Liberty Associates as Liberty Associates, L.C., described that the bond was being issued on account of an order of this Court related to awarding damages for willful violation of the automatic stay against the Debtors, used "Creditor" as both a capitalized and non-capitalized term with different parties described in the

definitions, improperly included a date in a blank associated to the amount of the bond, and listed Jacobs as the Debtors in this proceeding. The Court subsequently informed the parties that the caption of the bond submitted to the Court included the name of Mr. Jacobs and Jacobs Capital, as opposed to providing the case information for the Debtors. However, the Court signed and docketed the proposed bond as it determined that it would not make any changes to the document submitted by Liberty.

Subsequently, 15 days later on November 16, 2010, an amended bond was filed with the Court (the "Amended Bond"). The Amended Bond corrected the above-referenced errors and inconsistencies. The Amended Bond, dated October 29, 2010, was approved by the Court and docketed on November 16, 2010.

On April 12, 2011, the Honorable Malcolm J. Howard, United States District Judge for the Eastern District of North Carolina, entered an order affirming the Fee Order issued by the bankruptcy court. In addition, on that same day, the deputy clerk, on behalf of the Clerk of Court for the United States District Court for the Eastern District of North Carolina - Eastern Division, filed and entered the judgment affirming the order of the bankruptcy court.

Subsequently, on May 11, 2011, Liberty filed its Notice of Appeal of the District Court Order to the United States Court of Appeals, which has been docketed as case number 4:10-CV-117-H.

Upon the expiration of the automatic 14 day stay of the judgment and order of the District Court under Bankruptcy Rule 8017,[3] Jacobs informed Liberty that it intended to collect its judgment

---

[3] As of the date of the hearing on the Motion, neither Liberty nor the Debtors have filed a motion seeking a stay pending appeal pursuant to Bankruptcy Rule 8017.

against the Amended Bond should Liberty fail to timely pay the administrative fee awarded to Jacobs by this Court. As a result of this demand, Liberty filed the present motion requesting the Court to take any steps necessary to implement and enforce the provision of its Stay Order, including, without limitation, entering an Order specifically prohibiting Jacobs from making any demand or claim against the initial bond or the Amended Bond until such time as *no appeal* of the Fee Order was pending and granting Liberty further and other relief that may be appropriate.

Jacobs objects to the Motion.

## DISCUSSION

The Stay Order entered by the Court is limited to the "stay pending appeal" which is consistent with the language set forth in Federal Rule of Bankruptcy Procedure 8005.

Jacobs contends that the stay pending appeal has been terminated and asserts that Bankruptcy Rule 8005 governs only the appeal from the bankruptcy court to the district court. At the hearing on June 28, 2011, counsel for Jacobs directed the Court to the specific language of Bankruptcy Rule 8005 and to the different language used in Bankruptcy Rule 8017, that contemplates a stay pending appeal of a district court order while such order is on appeal to the circuit court.

Liberty disagrees and asserts the stay was granted and its bond posted in compliance with the Stay Order allowed under Bankruptcy Rule 8005. Since it complied with the requirements of the Stay Order and Bankruptcy Rule 8005, it argues that the stay pending appeal is therefore, effective through the entire appeals process. At the hearing, counsel for Liberty argued that Bankruptcy Rule 8005 and Bankruptcy Rule 8017 are mutually exclusive of each other. Counsel asserted that Bankruptcy Rule 8017 applies only when a stay was not allowed or sought under

Bankruptcy Rule 8005 or when a district court reverses a decision of the bankruptcy court which is then appealed to a circuit court.

A review of the audio file of the hearing reveals that counsel for the Debtors requested a stay pending appeal and made its motion based on that language. Counsel for Liberty requested a stay pending the appeals process. Therefore, the question before the Court is whether the stay it imposed pursuant to Rule 8005 extends through the conclusion of the appeal in the district court or if such stay extends through the entire appeals process, including an appeal to the Court of Appeals.

The parties do not dispute that Rule 8005 was applicable as staying the Fee Order during the appeal to the district court. Furthermore, this Court agrees that Liberty complied with the requirements of Rule 8005 in seeking the initial stay pending appeal. Had the Debtors not brought a motion for stay pending appeal under Rule 8005 to the bankruptcy court, and elected to bring such motion before the district court, it would have been required to explain why it did not seek a stay from the bankruptcy court first. See *2-VIII Collier Pamphlet Edition, F.R.B.P. 8005 (Matthew Bender & Company, Inc. 2010).*

In order to determine the extent of the stay pending appeal, this Court must consider the interplay, if any, between Bankruptcy Rule 8005 and Bankruptcy Rule 8017.

Bankruptcy Rule 8005 provides:

> [A] motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief *pending appeal* must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but *subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter,* the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the *pendency of an appeal* on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a

> bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.

emphasis added.

> Bankruptcy Rule 8017 provides in part:
>
>> (a) Judgments of the district court or the bankruptcy appellate panel are stayed until the expiration of 10 days after entry, unless otherwise ordered by the district court or the bankruptcy appellate panel.
>>
>> (b) On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall *continue until final disposition by the court of appeals.* A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment. A bond or other security shall not be required if a stay is obtained by the United States or an officer or an agency thereof or at the direction of any department of the Government of the United States.

emphasis added.

In 2010, the United States Bankruptcy Court for the Eastern District of Virginia recognized that Bankruptcy Rule 8005 and the case law interpreting the rule does not provide a clear answer in how long a stay pending appeal entered by the bankruptcy court remained in effect. *In re RMAA Real Estate Holdings, LLC*, 2010 Bankr. LEXIS 3153 (Bankr. E.D.Va. Sept. 10, 2010). In the

*RMAA* case, the bank, which had been granted relief from the automatic stay in a bankruptcy proceeding, questioned how long a stay entered by the bankruptcy court pending appeal would remain in effect. *Id.* Looking to *Gleasman v. Jones, Day, Reaves & Pogue (In re Gleasman)*, 111 B.R. 595, 599 (Bankr. W.D.Tex. 1990),[4] the Virginia bankruptcy court stated:

> Rule 8005 is by its design a flexible tool which permits a bankruptcy court to uniquely tailor relief to the circumstances of the case, so that the appellate process will neither undo nor overwhelm the administration of the bankruptcy case. *See, e.g., In re Charles & Lillian Brown's Hotel, Inc.,* 93 B.R. 49 (Bankr. S.D.N.Y. 1988). Rule 8005 gives a bankruptcy judge authority to "make any . . . appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." The bankruptcy judge can design stays to avoid unjust results, taking into consideration all of the exigencies of the entire bankruptcy case. *See In re Tenfield*, 12 B.R. 14 (Bankr. E.D.Va. 1981). Discretion is not unbridled. . .

*RMAA*, 2010 Bankr. LEXIS 3153 *2.

Clearly, *RMAA* took an expansive view of Rule 8005. Instead of focusing on the language of the rule, the court in *RMAA* focused on the flexibility a bankruptcy judge should have in order to meet "differing and unique circumstances" in a particular case. *Id*. *RMAA* provides that although allowing judges flexibility "does not directly address the question of termination of a stay pending appeal after a district court's resolution of an appeal and before a court of appeals' resolution, it suggests that a stay pending appeal from a bankruptcy court order should stay in effect until the appeal has fully run its course." *Id.* The court went on to note that a bankruptcy court, as the court granting the stay pending appeal, could modify this concept and make it effective only "until the entry of the district court's order and the amount of the bond may be subject to review if a further appeal is taken to the court of appeals." *Id*. Depending on the decision of the district court, either

---

[4]In *Gleasman*, the court focused on the flexible approach such that impact of the grant of relief on the appellate process neither undid nor overwhelmed the bankruptcy proceeding. *Gleasman*, 111 B.R. at 599.

10

the district court or the bankruptcy court could terminate the stay pending appeal or modify the bond thereafter. *Id.* The bankruptcy court in *RMAA,* allowed the stay pending appeal to continue through any appeal, even an appeal to the court of appeals. *Id.* However, it specifically tailored its order to include language providing for the length of the stay and allowing the review of the amount of the bond and the allowance of either modification or termination of the stay pending appeal, if an appeal was made to the court of appeals. *Id.*

This Court rejects such an expansive reading of Rule 8005 and is more persuaded by the rationale set forth by the Bankruptcy Court for the District of Columbia in *Richards v. Linder & Associates, P.C. (In re Richards)*, 241 B.R. 769 (Bankr. D.D.C. 1999).

In *Richards*, the debtor, who was also a defendant, moved for the release of the supersedeas bond staying the enforcement of a judgment pending appeal. *Id.* The initial stay pending appeal was granted by the bankruptcy court pursuant to Rule 8005. *Id.* The United States District Court affirmed the bankruptcy court's monetary judgment in favor of the defendant debtor. *Id.* Thereafter, the debtor moved for the release of the bond. *Id.* The plaintiff opposed the release of the bond and requested that the bankruptcy court extend the initial stay pending appeal to include not only the appeal to the district court but also the appeal of the district court judgment to the court of appeals and that the bankruptcy court allow the existing deposit to serve as a bond for the circuit court appeal. *Id.* At the time of the motion before the bankruptcy court, the district court had not entered its mandate. *Id.* Therefore, the court found that without the mandate, the district court maintained jurisdiction and enforcement of the bond was premature.[5] *Id.*

---

[5]Judge Teel, in 2005, recognized that the failure of the a clerk to issue a mandate under Fed. R. Bankr. P. 8016(b) does not stay a district court order. *In re Capitol Hill Group*, 330 B.R. 1 (Bankr. D.D.C. 2005). This finding rejected his earlier findings made in *Richards* that a

11

Even though the issue as to the requirement of the mandate was subsequently modified by the bankruptcy court, the rationale of the bankruptcy court that Rule 8017, and not Rule 8005, applied to stay a district court order which affirmed the bankruptcy court is most persuasive.

The court in *Richards* states:

> F.R. Bankr. P. 8017 should be viewed as the rule controlling the stay of an affirmed bankruptcy court judgment. Two other rules, F.R. Bankr. P. 7062 and F.R. Bankr. P. 8005, authorize stays pending "an appeal" without any distinction drawn between an appeal to the district court or a further appeal to the court of appeals. Unlike F.R. Bankr. P. 8017, however, these rules fail expressly to deal with a stay pending an appeal to the court of appeals. So Rules 7062 and 8005 ought not be viewed as addressed to a stay pending an appeal to the court of appeals.

*Id.* at 775.

The *Richards* court looked to the distinction between the judgment and mandate language included as part of the Federal Bankruptcy Rules, Federal Rules of Appellate Procedure Rule 41, and certain federal statutes. *Richards,* 241 B.R. 769. cf. fn. 4. However, in dicta, the *Richards* court provides certain other considerations that this Court finds persuasive in determining the applicability of Rules 8005 and 8017. *Id.* at 775. First, the bankruptcy court recognizes the importance of deference to the district court so as to maintain "sound relations" with the district court. *Id.* Rule 8017 is specifically directed to the district court and "[a]though...court's judgment would be the one being collected, the district court's order of affirmance is at stake on the further appeal." *Id.* Second,

---

mandate was required by the district court to dispose of a bankruptcy appeal and that entry of a mandate was necessary to give effect to the judgment of the district court. *Capitol*, 330 B.R. 1.

In *Capitol*, the bankruptcy court stated that "*only a stay under Rule 8017* would stay the effectiveness of the [o]rders." *Id. at 10.* However, since the debtor had filed a motion for stay in the district court within the time frame allowed by Rule 8017, the bankruptcy court determined that it was proper to delay enforcement of its judgment against the bond to permit the district court to decide whether to issue a stay pending appeal based on the debtor's motion pending in the district court. *Id.* at 10-11.

the district court is in a better position to establish costs that were incurred as part of the district court appeal, the possible costs related to an appeal to the circuit court, and an assessment as to the duration of the circuit court appeal. *Id.* All of these factors are relevant in determining whether a supersedeas bond is necessary and the amount that such bond should be. *Id.* Lastly, Judge Teel recognized that viewing Bankruptcy Rule 8017 as controlling the stay of an affirmance of the bankruptcy court by the district court "has the merit of establishing a clear rule regarding the court from which the stay should be sought." *Id.* at 775.  The *Richards* court notes that there are circumstances where it would be inappropriate for a bankruptcy court to consider staying a district court judgment pending an appeal. *Id.*

Discounting the arguments in favor of the bankruptcy court further extending the stay pending appeal of the affirmance of its judgment by the district court, the *Richards* court found that having a clear cut rule applicable to all cases and giving deference to the district court[6] were of greater importance. *Id.* at 776.

As a result, Judge Teel declined to further extend the stay pending an appeal of the district court affirmance of the bankruptcy court decision to the circuit court, noting that the district court or the court of appeals would be the appropriate forums for a party to seek extension of the stay

---

[6] The United States Supreme Court's recent holding in *Stern v. Marshall*, 564 U.S. ___, 131 S. Ct. 2594, 180 L.Ed. 2d 475, 2011 U.S. LEXIS 4791, 2011 WL 2472792 (2011) dealt with the limited jurisdiction of the bankruptcy court versus the district court. Given that these rules are promulgated by the Supreme Court, it is entirely logical that the Supreme Court intended Rule 8005 to be limited to an "appeal" to district court and for Rule 8017 to be applicable for appeals from the district court or bankruptcy appellate panel.  Arguably, had the Supreme Court intended for the "appeals process" to be addressed in Rule 8005, it could have referred to "appeals," or the "appeals process," or even more specifically "to any and all appeals to the district court, court of appeals and/or Supreme Court."  Since Rule 8017 specifically sets forth a procedure for requesting a stay pending appeal of the district court judgment, the bankruptcy court should refrain from encroaching in an area reserved by Rule 8017 for the district court.

13

pending an appeal to the circuit court. *Richards*, 241 B.R. 769. See also Grippando, James, *Circuit Court Review or Orders On Stays Pending Bankruptcy Appeals to U.S. District Courts or Appellate Panels*, 62 AM. Bank. L.J. 353, n. 6 (Fall, 1988)(providing "Rule 8005...The Bankruptcy Rules govern only appeals from the bankruptcy court to the district court.").

This Court is persuaded to limit the "appeal" language in Bankruptcy Rule 8005 to include only the appeal from the bankruptcy court to the district court or bankruptcy appellate panel. Bankruptcy Rule 8017[7] would apply where the district court judgment has been appealed to the court of appeals, regardless of whether or not a stay was sought in the appeal from the bankruptcy court order or judgment to the district court. Rule 8005 specifically provides that the motion to stay applies to a judgment, order, or decree of a bankruptcy court and such rule makes no reference to a decision of the district court. In contrast, Rule 8017 includes language as to the district court decision. The caption of Rule 8017 is even entitled: STAY OF JUDGMENT OF DISTRICT COURT OR BANKRUPTCY APPELLATE PANEL. Therefore, it is clear to this court that any stay of a district court judgment must be ordered by the district court under Rule 8017.

The 2002 decision of the United States Bankruptcy Court for the Northern District of Texas supports this finding. *In re Texas Equip. Co., Inc.*, 283 B.R. 222 (Bankr. N.D. Tx. 2002). That court found that in considering how long its stay would apply through the appeals process noted that

---

[7] The *Richards* court went on to note that nothing prevents the district court from directing the bankruptcy court to set the terms of a bond or from requesting a recommendation from the bankruptcy court as to the amount that would be appropriate for a supersedeas bond for the period of appeal to the circuit court. *Richards,* 241 B.R. at 776. As such, the district court could request a recommendation from the bankruptcy court before issuing its findings regarding a stay pending appeal to the circuit court, especially if the granting of a stay or not granting a stay might have a significant impact on the continuing operations of a chapter 11 debtor in possession.

14

*Richards* was the only bankruptcy opinion on point and that the *Richards* court "held that it [the bankruptcy court] was without authority to extend its stay past the appeal in the district court." *Texas Equip.*, 283 B.R. 222. The Northern District of Texas Bankruptcy Court interpreted *Richards* as holding that "it 'lacked authority to issue a stay of its affirmed judgment pending appeal to the court of appeals; the district court and the court of appeals are appropriate courts under which to seek a stay' under Rule 8017." *Texas Equip.*, 283 B.R. 222. cf. *In re RMAA*, 2010 Bankr. LEXIS 3153 (Bankr. E.D.Va. Sept. 2010)(specifically providing in its order that the stay pending appeal pursuant to Bankruptcy Rule 8005 applies through any appeal in the court of appeals but allowing for modification or termination of the stay by either the bankruptcy court or the district court based on the developments of the district court case).

Arguably, this court could have fashioned its Stay Order to be effective through the entire appeals process. However, counsel for the Debtors specifically requested a stay pending the appeal. Counsel for Liberty stated at one point during the hearing that he proposed a stay pending the appeals process. The language used in the order specifically refers to the "appeal" and neither party sought to have the court reconsider its order. Therefore, this Court holds that Bankruptcy Rule 8005 limits the stay pending appeal entered by the bankruptcy court until entry of judgment by the district court on an appeal of the bankruptcy court order, judgment or decree. This holding does not prejudice the appellant, Liberty, from seeking a stay pursuant to Bankruptcy Rule 8017(b) for its appeal from the district court to the court of appeals. By holding otherwise, this Court would be expanding the meaning of Bankruptcy Rule 8005 beyond its intended scope and encroaching upon the powers to stay a judgment of the district court which is specifically reserved to the district court under Rule 8017(b). The bankruptcy court retains the ability to modify or terminate its stay pending

appeal at the request of a party prior to the entry of judgment in the district court. Once the district court has entered its judgment, the stay pending appeal granted by the bankruptcy court and pursuant to Bankruptcy Rule 8005, no longer applies. An appellant must then employ Bankruptcy Rule 8017(b) in order to seek the imposition of a stay pending appeal to the circuit court if the appellant desires the stay to extend beyond the fourteen(14) day stay provided under Bankruptcy Rule 8017(a).

Based upon the foregoing, the Motion to (I) Enforce Order Conditionally Granting Oral Motion to Stay Order Pending Appeal Pursuant to Bankruptcy Rule 8005 and (ii) Prohibit Claim Against Bond During Pendency of Appeal is hereby **DENIED**. However, any effort to file a claim against the bond by Jacobs at this time is **TEMPORARILY STAYED** for a period of fourteen (14) days from the entry of this order to permit Liberty to file a motion pursuant to Bankruptcy Rule 8017(b) for the district court to consider whether it should stay its judgment affirming the bankruptcy court order during the pendency of the appeal to the court of appeals. If no such motion is filed within the period of fourteen (14) days from the entry of this order, then the temporary stay is lifted. If such motion is filed within the fourteen (14) day period from the entry of this order, then Jacobs is **TEMPORARILY STAYED** from efforts to file a claim against the bond until such time as the United States District Court has issued its order as to the imposition or not, of a stay of the district court judgment affirming the order of the bankruptcy court pending the appeal to the court of appeals and/or posting of a bond or other security, or continuation, modification, or release of the present bond, pursuant to Bankruptcy Rule 8017(b).

    **SO ORDERED.**

**END OF DOCUMENT**